**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

CARLOS V. LANE,

                Petitioner,                              Case Number: 2:09-CV-12254

v.                                                      HONORABLE NANCY G. EDMUNDS

CAROL HOWES,

                Respondent.
_____/

## OPINION AND ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS AND DENYING CERTIFICATE OF APPEALABILITY

Petitioner Carlos V. Lane has filed a *pro se* petition for a writ of habeas corpus under 28 U.S.C. § 2254. Petitioner is currently in the custody of the Michigan Department of Corrections pursuant to convictions for three counts of possession with intent to deliver less than 50 grams of cocaine, two counts of delivery/manufacture of between 50-224 grams of cocaine, two counts of felonious assault, fleeing and eluding a police officer, and driving with a suspended license. He challenges his convictions on the grounds that the police entrapped him and that the trial court erred in failing to address this claim. For the reasons discussed below, the Court denies the petition.

### I. Background

Petitioner pleaded guilty in Monroe County Circuit Court to three counts of possession with intent to deliver less than 50 grams of cocaine, two counts of delivery/manufacture of cocaine between 50-224 grams, two counts of felonious assault, fleeing and eluding a police officer, and driving with a suspended license. On January 11, 2007, he was sentenced to 85 to

480 months' imprisonment for the possession of cocaine convictions, 99 to 480 months' imprisonment for the delivery/manufacture of cocaine convictions, 43 to 96 months' imprisonment for each of the assault convictions, and 57 to 120 months' imprisonment for the fleeing and eluding conviction, all to be served concurrently. He was ordered to pay restitution in the amount of $3,550.

Petitioner filed a motion for modification of restitution. The trial court denied the motion on April 17, 2007. *People v. Lane*, No. 06-35428 (Monroe County Cir. Ct. Apr. 17, 2007). On July 27, 2007, Petitioner filed a motion for relief from judgment in the trial court challenging the presentence investigation report and the scoring of the sentencing guidelines. The trial court denied the motion. *People v. Lane*, No. 06-35428 (Monroe County Cir. Ct. July 30, 2007). Petitioner filed another motion for relief from judgment, raising essentially the same claims raised in his first motion for relief from judgment. The trial court held that the motion could not be reviewed because a defendant is entitled to only one motion for relief from judgment, alternatively, the court held that the motion was meritless because even if the scoring of the sentencing guidelines was corrected in accordance with Petitioner's claims, the sentencing guidelines would not change. *People v. Lane*, No. 06-35428 (Monroe County Cir. Ct. May 1, 2008). Petitioner filed a motion for reconsideration, which was denied. *People v. Lane*, No. 06-35428 (Monroe County Cir. Ct. June 2, 2008).

Petitioner then filed an amended motion for relief from judgment, raising challenges to the presentence investigation report, the scoring of the sentencing guidelines, and, for the first time, a claim of entrapment. The trial court denied the motion as an improper successive motion for relief from judgment. *People v. Lane*, No. 06-35428 (Monroe County Cir. Ct. Aug. 22,

2

2008).

Petitioner failed to appeal his convictions or the denials of his motions for relief from judgment to the Michigan Court of Appeals or Michigan Supreme Court.

Petitioner then filed the pending petition for a writ of habeas corpus, raising the following claims:

> I. The police misconduct in persuading defendant to increase the quantity of drugs in excess of 50 grams in the last two transactions constitutes sentencing factor manipulation because the police were not after a larger drug source at that point and defendant had clearly communicated his reluctance and inability to increase larger quantity.
>
> II. Petitioner did not waive his challenge to sentencing factor manipulation due to police misconduct where the claim was made before and at sentencing, the court was aware of it but refused to resolve the matter.

## II. Standard of Review

28 U.S.C. § 2254(d) imposes the following standard of review for habeas cases:

An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –

(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceedings.

28 U.S.C. § 2254(d). Additionally, this court must presume the correctness of state court factual determinations. 28 U.S.C. § 2254(e)(1).

A decision of a state court is "contrary to" clearly established federal law if the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law

3

or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000). An "unreasonable application occurs" when "a state-court decision unreasonably applies the law of [the Supreme Court] to the facts of a prisoner's case." *Id.* at 409. A federal habeas court may not "issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." *Id.* at 410-11.

## III. Analysis

Respondent argues that Petitioner's claims are procedurally defaulted from habeas review because they are unexhausted and no means for exhausting them in state court remains available to Petitioner.

A prisoner challenging his confinement by way of a habeas corpus petition must exhaust his state court remedies prior to seeking federal habeas corpus relief by fairly presenting the substance of each federal constitutional claim in state court. *See* 28 U.S.C. § 2254(b); *Coleman v. Thompson*, 501 U.S. 722, 731 (1991); *Wong v. Money*, 142 F.3d 313, 322 (6th Cir. 1998). To be properly exhausted, each claim must have been "fairly presented" to both the state court of appeals and the state supreme court. *See Wagner v. Smith*, 581 F.3d 410, 414 (6th Cir. 2009). A prisoner "'fairly presents' his claims to the state courts by citing a provision of the Constitution, federal decisions using constitutional analysis, or state decisions employing constitutional analysis in similar fact patterns." *Levine v. Torvik*, 986 F.2d 1506, 1516 (6th Cir. 1993). The petitioner bears the burden of showing that state court remedies have been exhausted. *See Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994). Petitioner has not presented his claims to the Michigan

4

Court of Appeals or Michigan Supreme Court. The claims, therefore, are unexhausted.

No state court remedy is available to Petitioner because he already has filed several motions for relief from judgment in the state trial court and, pursuant to Mich. Ct. R. 6.502(G), he may not file a successive motion. Additionally, the time for filing an application for leave to appeal the trial court's denial of his motion for relief from judgment has expired. Where a petitioner "fails to present his claims to the state courts and . . . is barred from pursuing relief there, his petition should not be dismissed for lack of exhaustion because there are simply no remedies available for him to exhaust." *Hannah v. Conley*, 49 F.3d 1193, 1196 (6th Cir. 1995). However, a petitioner will not be allowed to present unexhausted claims unless he can show cause to excuse his failure to present them in the state courts and actual prejudice to his defense at trial or on appeal.

It is unclear whether Petitioner asserts ineffective assistance of appellate counsel as cause to excuse the procedural default of these claims. Assuming he does, ineffective assistance of appellate counsel would not excuse Petitioner's failure to present these claims on collateral review in state court. *Hannah*, 49 F.3d at 1196. *See also Guilmette v. Howes*, __ F.3d __, No. 08-2256, 2010 WL 4117281, at *4 (6th Cir. Oct. 21, 2010) (holding that a claim of ineffective assistance of appellate counsel is properly exhausted when it is raised at the first opportunity to do so – in a post-conviction motion for collateral relief in state court). Additionally, Petitioner's claim that an appeal would have been denied does not excuse his failure to exhaust these claims. Thus, these claims are procedurally defaulted and barred from review unless Petitioner can establish that a constitutional error resulted in a fundamental miscarriage of justice. *See Schlup v. Delo*, 513 U.S. 298, 321 (1995).

The Supreme Court explicitly has tied the miscarriage of justice exception to procedural default to a petitioner's innocence. *Id*. Thus, Petitioner must assert a constitutional error along with a claim of innocence. To make a showing of actual innocence, "a petitioner must show that it is more likely than not that no reasonable juror would have found the petitioner guilty beyond a reasonable doubt." *Id.* at 327. The Court further explained this standard as follows:

> The . . . standard is intended to focus the inquiry on actual innocence. In assessing the adequacy of petitioner's showing, therefore, the district court is not bound by the rules of admissibility that would govern at trial. Instead, the emphasis on "actual innocence" allows the reviewing tribunal to consider the probative force of relevant evidence that was either excluded or unavailable at trial. . . . The habeas court must make its determination concerning the petitioner's innocence in light of all the evidence, including . . . evidence tenably claimed to have been wrongly excluded or to have become available only after trial.
>
> * * *
>
> . . . [A]ctual innocence does not merely require a showing that a reasonable doubt exists in the light of the new evidence, but rather that no reasonable juror would have found the defendant guilty. It is not the district court's independent judgment as to whether reasonable doubt exists that the standard addresses; rather the standard requires the district court to make a probabilistic determination about what reasonable, properly instructed jurors would do. Thus, a petitioner does not meet the threshold requirement unless he persuades the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt.

*Id.* (internal quotation omitted).

Petitioner fails to present new, reliable evidence in light of which no reasonable juror would have found him guilty. Therefore, these claims are procedurally barred.

### IV. Certificate of Appealability

Federal Rule of Appellate Procedure 22 provides that an appeal may not proceed unless a certificate of appealability (COA) is issued under 28 U.S.C. § 2253. Rule 11 of the Rules

Governing Section 2254 Proceedings now requires that the Court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."

A COA may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. §2253(c)(2). A petitioner must show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000) (citation omitted). In this case, the Court concludes that reasonable jurists would not debate the conclusion that the petition fails to state a claim upon which habeas corpus relief should be granted. Therefore, the Court will deny a certificate of appealability.

## V. Conclusion

For the foregoing reasons, **IT IS ORDERED** that the petition for a writ of habeas corpus is **DENIED** and the matter is **DISMISSED WITH PREJUDICE.**

**IT IS FURTHER ORDERED** that a certificate of appealability is **DENIED**.

s/Nancy G. Edmunds
Nancy G. Edmunds
United States District Judge

Dated: November 18, 2010

I hereby certify that a copy of the foregoing document was served upon counsel of record on November 18, 2010, by electronic and/or ordinary mail.

s/Carol A. Hemeyer
Case Manager